```
                    IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                              WESTERN DIVISION
```

Liebel-Flarsheim Co., et al,       :     Case No. 1:04-cv-607
                                   :
    Plaintiffs,                    :     Judge Sandra S. Beckwith
                                   :
vs.                                :
                                   :
Medrad Inc.,                       :
                                   :
    Defendant.                     :

<u>ORDER</u>

    The Court previously granted sanctions to Medrad (see Doc. 43, August 17, 2005 Order) based upon events during the August 8, 2005 deposition of Dr. Dennis Guenther.  Medrad timely filed an affidavit of one of its counsel supporting Medrad's request for fees and costs, in the total amount of $25,783.14 (see Doc. 45).  L-F objected to this affidavit as insufficient and lacking information upon which a reasonable award could be made (see Doc. 46).  Medrad replied to L-F's objections and filed a supplemental affidavit that was more detailed than the original (see Doc. 47).  L-F then filed a motion to strike Medrad's supplemental affidavit and reply, because they contained arguments and information not presented in Medrad's original affidavit (see Doc. 48).  Medrad responded to the motion to strike (see Doc. 62), and L-F filed a reply (see Doc. 63).  L-F argued that it was unfair to base a fee award upon Medrad's reply, which in reality was a new application and which deprived L-F of the opportunity to respond on the

merits.  (The Court notes that L-F did not seek leave to file a sur-reply to the supplemental affidavit, a procedure often used in the history of the litigation between these parties.)  L-F's reply asks for the opportunity to file another response containing L-F's substantive objections to Medrad's supplemental affidavit and reply.

The Court concludes that, at this juncture, no additional pleadings or arguments are needed.  An award of sanctions, which the Court has already ruled will be made, must be reasonable under all of the circumstances, and must not be excessive.  See, e.g., INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc., 815 F.2d 391, 404 (6th Cir. 1987), discussing "reasonable" fees in the context of Rule 11 sanctions.

The Court finds that, despite the deficiencies in Medrad's original affidavit, the supplemental affidavit and the pleadings on file provide enough information upon which the Court can calculate a reasonable award to Medrad.

Deposition Time.  Medrad seeks attorneys fees for four hours of time for attorneys McGough and Coyne, both of whom attended Dr. Guenther's deposition.  L-F argues that it was unnecessary for two attorneys to attend the deposition.  The Court notes that the transcript of Dr. Helmicki's deposition, taken on August 3, 2005, reflects that both Messrs. McGough and Coyne, as well as Messrs. Remaklus and Chambers (for L-F) attended.  This case is both technical and complex, involving four patents and several independent claims from those patents, as well as the extensive

history of Case No. 98-858.  It is not per se unreasonable to have two attorneys attend a deposition of the patent holder's designated witness on infringement contentions.

Both attorneys have claimed four hours of time for preparing for and attending the deposition.  The transcript reveals that the deposition adjourned at 10:31 a.m. on August 8, 33 minutes after it began.  Some preparation time and time for setting up machinery would reasonably be required prior to the deposition.  The Court also recognizes that the preparation time would not be a total loss, as Medrad was able to complete the deposition a few weeks later.  Given these facts, the Court finds that two hours of time for each attorney is reasonable under all the circumstances.

<u>Preparing Medrad's Motion for Sanctions</u>.  Medrad's supplemental affidavit claims 42.45 hours of time were reasonably required to research and prepare Medrad's motion for sanctions concerning the Guenther deposition (Doc. 34).  That motion was seven pages long, and essentially recited the facts concerning the deposition.  Only two paragraphs (16 and 18) cite any case law (¶16 concerning permissible infringement discovery and ¶18 concerning F.R.C.P. 30) and neither contains any extended discussion of those cases.  The requested time reflects the work of no less than five attorneys of varying experience levels over two days: 9.05 hours for Mr. McGough; 7.85 hours for Ms. Rydstrom; 12.6 hours for Mr. Katona; 8.2 hours for Ms. Thomas; and 6.85 hours for "Local Counsel." (Ms. Rydstrom billed an

additional 2.1 hours for gathering and filing supplemental exhibits.)

The Court finds that Medrad's time request is both excessive and unreasonable. There is nothing in Medrad's motion that reflects the necessity of such an extraordinary amount of research by so many people. The Court finds that three hours of Mr. McGough's time (to set forth the factual basis for the motion, and to review the final version) and four hours of Ms. Rydstrom's time (for drafting and finalizing the motion and preparing the supplemental filings) is a reasonable award for time spent on this effort.

Preparing Medrad's Reply and Opposition Briefs. Medrad claims 26.15 hours were required to prepare its reply brief and its opposition to L-F's motion for a protective order: 0.8 hours by Mr. McGough, 14.75 hours by Ms. Rydstrom; and 10.6 hours by Mr. Katona. The Reply Brief was four pages, as was the opposition on the protective order. The latter was largely addressed to the facts about the Guenther deposition, not to any discussion of law. Once again, the Court must conclude that Medrad's requested time is excessive and unreasonable. The Court finds that Mr. McGough's time (0.8 hours), and six hours of Ms. Rydstrom's time, is a reasonable amount of time for these efforts.

Attendance at Telephone Hearing. Medrad claims one hour of Mr. McGough's time and 0.5 hours of "Local Counsel" time for preparation and attendance at the August 16 telephone conference

-4-

with the Court.  The conference that day lasted for forty minutes.  The Court finds the requested time is reasonable.

<u>Travel Expenses</u>.  Medrad requests reimbursement for two nights of hotel charges for both Messrs. McGough and Coyne, a parking charge and one meal.  Medrad has not sought reimbursement for air fare for either attorney, because the deposition was scheduled two days before the demonstration session with the Court on August 10, and both attorneys were coming to Cincinnati for that session in any event.  Medrad does not explain its request for two nights of hotel charges.  The deposition of Dr. Helmicki, L-F's other corporate witness taken on August 3, was completed in three hours, finishing at 12 p.m.  Presumably counsel would not need to remain in Cincinnati the night after completing a deposition at noon.  There is nothing to suggest that Dr. Guenther's deposition was projected to take longer than one day, and in fact it ended after only thirty minutes. Counsel's desire to remain in Cincinnati on August 8 was probably practical, given the August 10 demonstration, but it was not required by the fact of the early termination of Dr. Guenther's deposition.  Therefore, the Court finds that reasonable travel expenses include one night hotel for both Medrad attorneys, and the requested and documented expenses for parking and a meal, a total of $600.69.

<u>Billing Rates.</u>  According to the supplemental affidavit, Mr. McGough's billing rate is $494; Mr. Coyne's is $323; Ms. Rydstrom's is $323; and "Local Counsel" is listed at an "average"

of $230.

The determination of a reasonable hourly rate must be guided by the prevailing market rate within this venue, along with consideration of the skill and experience of the attorney. Medrad submits a 2003 billing rate survey by the American Intellectual Property Law Association. The survey lists regional average hourly rates, and rates based on years of practice without reference to region. For example, the average partner billing rate for the "central region" which includes Ohio is $236 (and ranges from $265 to $200). The national average rate for partners with 25-29 years experience, based on a sample size of 47 attorneys, is $357 (and ranges from $420 to $275). This rate includes such higher-priced areas as New York City and California.

This Court has often relied on the survey of a 1983 committee, formed by former Chief Judge Carl Rubin, of local hourly billing rates in calculating fee awards.[1] Under that survey, a senior partner's reasonable rate, adjusted with a 4% annual COLA from 1983 to 2005, would be $304.16. Intermediate partners (11 to 20 years) current rate would be $268.82.

---

[1] Those 1983 rates were: Paralegals - $37.91/hour; Law Clerks - $23.96/hour; Young Associates (2 years of experience or less) - $61.77/hour; Intermediate Associates (2 to 4 years of experience) - $71.62/hour; Senior Associates (4 to 5 years of experience) - $82.81/hour; Young Partners (6 to 10 years of experience) - $96.39/hour; Intermediate Partners (11 to 20 years of experience) - $113.43/hour; and Senior Partners (21 or more years of experience) - $128.34/hour.

Medrad claims Mr. McGough's billing rate is reasonable because he has 25 years of experience in a wide variety of cases. The Court notes that the AIPLA survey in the region including Pennsylvania shows an average partner rate of $270, and ranges from $300 to $230.  Mr. McGough's billing rate is far higher than any reasonable rate calculated under any scenario discussed above, even by increasing the 2003 AIPLA rates with a 4% COLA and adding a premium for his long experience.  Ms. Rydstrom and Mr. Coyne's billing rate of $323 is also higher than the rate calculated under Judge Rubin's guidelines, or the average partner rate for the Pennsylvania region on the AIPLA survey.

The Court concludes that, for purposes of an award of fees to Medrad, the following billing rates are reasonable, not excessive, and supported by the guidelines discussed above:

| | |
|---|---|
| Mr. McGough | $310 |
| Mr. Coyne | $270 |
| Ms. Rydstrom | $270 |
| Local Counsel | $230 (Medrad does not identify "Local Counsel."  The time allowed by the Court is for Mr. Seibel, who attended the telephone conference on August 16, 2005. The rate requested is $230, which is well within the Rubin Committee guidelines and the AIPLA survey for a lawyer with Mr. Seibel's experience.) |

Based on these rates and the allowable time, the Court

-7-

awards Medrad $5,463 in attorney fees.

<u>Other Costs</u>.  Medrad seeks $568.40 in court reporter fees; $149.46 in duplicating costs; and $182.94 in "Lexis Time."  The Court previously ruled that Medrad was entitled to recover its court reporter fees.  While Medrad will be able to use the abbreviated transcript from Dr. Guenther's deposition, there is little doubt that Medrad had to incur some additional costs due to the termination of Dr. Guenther's deposition, and continuing with a different witness later on.  While Medrad did not submit an invoice for this item, the Court finds that the amount is not unreasonable or excessive.

The Court denies recovery of "Lexis Time" as there is no supporting documentation or explanation of how this amount was calculated.  Moreover the Court has generally disallowed the time billed for "legal research" concerning the motions.

Concerning the $149.46 in copying costs, Medrad provides no breakdown of this expense nor any indication of what its per-page copy costs are.  The Court notes that, at 8 cents per page, the amount requested represents 1,868 pages.  Since the total page count of Medrad's relevant pleadings and exhibits is less than 200 pages, the Court concludes that the copying costs requested are both excessive and unreasonable, and therefore denies recovery of this amount.

For all of the foregoing reasons, Medrad is awarded the

total sum of $6,632.09.  This amount must be paid by plaintiff to Medrad on or before February 15, 2006.

    **SO ORDERED.**

DATED: January 31, 2006                    <u>s/Sandra S. Beckwith</u>
                                             Sandra S. Beckwith, Chief Judge
                                               United States District Court